**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Arthur A. COIA, Arthur E. Coia, Albert J. Le Pore, and Joseph J. Vacarro, Jr., Defendants-Appellees.**

No. 82–5369.

United States Court of Appeals, Eleventh Circuit.

Nov. 17, 1983.

Daniel I. Small, U.S. Dept. of Justice, Organized Crime/Racketeering Section, William C. Bryson, Washington, D.C., for plaintiff-appellant.

Joseph Beeler, James J. Hogan, Miami, Fla., for Arthur E. Coia.

Joseph T. Travaline, Burlington, Mass., Leppo & Traini, Anthony M. Traini, Boston, Mass., for Joseph J. Vacarro, Jr.

Before TJOFLAT, VANCE and CLARK, Circuit Judges.

TJOFLAT, Circuit Judge:

The United States appeals the dismissal on statute of limitations grounds of an indictment alleging that Arthur A. Coia, Arthur E. Coia, Albert J. Le Pore, and Joseph J. Vacarro, Jr., violated the conspiracy portion of the Racketeer Influenced and Corrupt Organization Act (RICO), 18 U.S.C. § 1962(d) (1976).[1] We reverse.

## I.

On September 23, 1981, a federal grand jury in the Southern District of Florida charged the four appellees and one other defendant in a one-count indictment, alleging that they had conspired to engage in labor racketeering, in violation of 18 U.S.C. § 1962(d).[2] The indictment alleged that the five defendants conspired to use their influence over the Laborers International Union of North America and its subordinate bodies and affiliated employee benefit plans. According to the indictment, the conspirators funneled the union's insurance and service business into insurance and service companies they had set up, and then charged the union members for the most expensive form of insurance. The conspirators thereafter looted the insurance premiums through the use of kickbacks, payoffs, unearned salaries and fees, and improper personal expenses.

Prior to trial, the appellees moved to dismiss the indictment, claiming in part that the indictment was not brought within the five-year statute of limitations period. The district court referred the matter to a magistrate for preliminary consideration and a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) (1976 & Supp. V 1982). After receiving the magistrate's report the court heard argument thereon and on March 12, 1982, adopted the magistrate's recommendation and dismissed the indict-

ment. The government then filed this appeal.

The district court's dismissal was based on the following chain of reasoning: first, a conspiracy under RICO requires for its completion the performance of at least one overt act; second, for statute of limitations purposes, the conspiracy will be deemed to have been completed at the time of completion of the last overt act; third, the only overt act alleged in the indictment that clearly fell within the statute of limitations period (overt act No. 28) was insufficient on its face to satisfy the requirement that it be in furtherance of the conspiracy. Therefore, the court concluded that as a matter of law the indictment failed to satisfy the statute of limitations and should be dismissed.

## II.

The government presents three alternative grounds for reversal: the district court erred in resolving prior to trial the factual issue of whether the conspiracy continued into the statute of limitations period as alleged in the indictment; the district court erred in concluding that a RICO conspiracy requires an allegation and proof of an overt act as an element of the crime; and the district court erred in determining that overt act No. 28 as listed in the indictment was not in furtherance of the conspiracy. The United States alleged, as overt act No. 28, that on or about October 19, 1976, defendant Le Pore wrote a check for $2,000 to himself out of funds provided in part by Joseph Hauser. The account was in the name of "Albert J. Lepore Attorney." In his argument to the district court, the prosecutor stated that the conspirators used this account to convey the impression that the funds represented remuneration for legal services and, therefore, that this was part of the "laundering" process of the kickbacks involved in the RICO violation, thereby con-

---

1. Title 18 U.S.C. § 1962(d) provides: "It shall be unlawful for any person to conspire to violate any of the provisions of subsections (a), (b), or (c) of [18 U.S.C. § 1962]."

2. The fifth defendant, Raymond L.S. Patriarca, was severed by the district court and is not a party in this appeal.

stituting an act in furtherance of the conspiracy.

■ The government's three grounds for appeal are each, if correct, individually sufficient to justify a reversal of the district court. With regard to the first, the government is in error concerning the propriety of the district court's dismissal of the indictment prior to trial. It is perfectly proper, and in fact mandated, that the district court dismiss an indictment if the indictment fails to allege facts which constitute a prosecutable offense.

Rule 17.1 of the Federal Rules of Criminal Procedure grants the court the power to hold pretrial conferences, "to consider such matters as will promote a fair and expeditious trial." This rule is essentially a codification of the court's inherent power to manage the litigation before it. Rule 17.1 operates in conjunction with rules 12(a) & (b) which grant the defendant the right to make certain motions prior to trial. The advisory committee notes to rule 12(b) (subdivisions (1) & (2)) list, among other things, insufficiency of the indictment under the applicable statute of limitations as specifically capable of determination prior to trial. Rule 12(e) requires that the court make a pretrial determination on these pretrial motions unless there is good cause not to do so. Rule 12(e) further states that "[w]here factual issues are involved in determining a motion, the court shall state its essential findings on the record." This clearly indicates that findings of fact as well as of law are within the province of the district court to make in pretrial proceedings.

Therefore, in this case, we need not explore whether the district judge's determination that overt act No. 28 could not constitute an overt act in furtherance of the conspiracy was one of law or a combination of law and fact. Either determination was permitted, indeed mandated, by the Federal Rules of Criminal Procedure.

### III.

■ The problem with the district judge's dismissal of the indictment is not that it was beyond his authority, but rather, that it was based on an erroneous notion of the substantive law. The district court's holding that a RICO conspiracy charge requires an allegation of an overt act was based on a reasonable, though incorrect, adoption of dicta from earlier Fifth Circuit cases.[3] In *United States v. Phillips,* 664 F.2d 971, 1038, (5th Cir. Unit B 1981), *cert. denied sub. nom. Meinster v. United States,* 457 U.S. 1136, 102 S.Ct. 2965, 73 L.Ed.2d 1354 (1982), the court stated that "some overt action by one of the conspirators in furtherance of the conspiracy," must be proved in order to satisfy the requirements of 18 U.S.C. § 1962(d). The sole support offered by the *Phillips* court for this proposition was a citation to a footnote in *U.S. v. Sutherland,* 656 F.2d 1181, 1186–87, n. 4 (5th Cir.1981), *cert. denied,* 455 U.S. 949, 102 S.Ct. 1451, 71 L.Ed.2d 663 (1982). In neither case was the proposition necessary for the holding. Tracing this line of cases back further to its origin, we find that *Sutherland* offers as its sole support for the overt act requirement, *U.S. v. Fuiman,* 546 F.2d 1155, 1158 (5th Cir.), *cert. denied,* 434 U.S. 856, 98 S.Ct. 176, 54 L.Ed.2d 127 (1977). In *Fuiman,* the court held that in a conspiracy case brought under the Drug Control Act, 21 U.S.C. §§ 952 & 963, an overt act is required. *Fuiman* was not a RICO prosecution; therefore, it is not on all fours with the instant case. It is similar, however, in that 21 U.S.C. §§ 952, 963, like the RICO conspiracy statute, makes no reference to an overt act as an element of the crime. In citing the " 'overt act' requirement of the federal conspiracy statutes," *id.,* the *Fuiman* court implied that such an element is implicit in 21 U.S.C. § 952.

Whether *Fuiman* requires us to read an overt act requirement into the RICO conspiracy statute is a question we need not address, because in *U.S. v. Rodriguez,* 612

---

**3.** In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this circuit adopted as precedent the decisions of the former Fifth Circuit decided prior to October 1, 1981.

F.2d 906 (5th Cir.1980) (en banc), *cert. denied sub nom. Albernaz v. United States,* 449 U.S. 835, 101 S.Ct. 108, 66 L.Ed.2d 41 (1980), the court held that an overt act is not essential to a conspiracy charge under the Drug Control Act.[4] Thus, the chain of reasoning which supports the assumed overt act requirement in RICO cases in this circuit is without support and must fall of its own weight.

The only appellate court to have faced the question of whether a RICO conspiracy requires an overt act is the Second Circuit Court of Appeals. In *United States v. Barton,* 647 F.2d 224, 237 (2d Cir.1981), *cert. denied,* 454 U.S. 857, 102 S.Ct. 307, 70 L.Ed.2d 152 (1981), the court held that "[w]hile the general conspiracy statute [18 U.S.C. § 371 (1976)], requires proof of an overt act, the RICO conspiracy [statute] does not."

This Second Circuit holding is both eminently reasonable and consistent with the Supreme Court's holding in *Singer v. United States,* 323 U.S. 338, 340–42, 65 S.Ct. 282, 283–84, 89 L.Ed. 285 (1945), in which the Court concluded that because the particular conspiracy statute it was construing, did not, on its face, require an overt act, no overt act requirement should be implied. The Court noted that this was consistent with the common law of conspiracy. *Nash v. United States,* 229 U.S. 373, 378, 33 S.Ct. 780, 782, 57 L.Ed. 1232 (1912).

### IV.

■ The applicable statute of limitations provides: "[N]o person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found ... within five years after such offense shall have been committed." 18 U.S.C. § 3282 (1976). The statute begins to run when the crime is complete. *See Toussie v. United States,* 397 U.S. 112, 90 S.Ct. 858, 25 L.Ed.2d 156 (1970).

■ It is the question of when a crime is complete that is the raison d'etre of our earlier inquiry into whether a RICO conspiracy requires the commission of an overt act. The Supreme Court in *Fiswick v. United States,* 329 U.S. 211, 216, 67 S.Ct. 224, 227, 91 L.Ed. 196 (1946), held that a conspiracy requiring an overt act is deemed complete for statute of limitations purposes at the time of completion of the last overt act. This is a rule of statutory construction, rather than a factual determination of whether a conspiracy existed at a particular point in time. With respect to conspiracy statutes that do not require proof of an overt act, the indictment satisfies the requirements of the statute of limitations if the conspiracy is alleged to have continued into the limitations period. The conspiracy may be deemed to continue as long as its purposes have neither been abandoned nor accomplished. *United States v. Grammatikos,* 633 F.2d 1013, 1023 (2d Cir.1980). *See United States v. Kissel,* 218 U.S. 601, 31 S.Ct. 124, 54 L.Ed. 1168 (1910).

Both in the indictment and at the pretrial hearing, the government consistently alleged that the conspiracy continued well into the limitations period. It is clear from both the transcript of the pretrial hearing, and the order dismissing the indictment, that the district judge ignored this, fixing his mind and basing his holding exclusively on the nonexistence of a presumptively required overt act. There was not the slightest hint of an alternative holding that regardless of the overt act requirement, the government failed to allege sufficient facts to conclude that the conspiracy extended into the limitations period. Even if the district court had made such a holding, it is doubtful that we could affirm.

■ Since both the conspiracy itself and its enduring nature may be proven

---

4. The court stated:
    We recognize some confusion in the Circuit as to whether an indictment charging a conspiracy to violate the Drug Control Act must set out and the Government must prove at least one overt act. Consistent with the majority of our decisions we now expressly hold that these indictments do *not* require allegation or proof of an overt act.
    *Rodriguez,* at 919 n. 37 (citations omitted, emphasis in original).

circumstantially, *United States v. Hamilton,* 689 F.2d 1262, 1269 n. 3 (6th Cir.1982), *cert. denied sub. nom. Wright v. United States,* —— U.S. ——, 103 S.Ct. 753, 74 L.Ed.2d 971 (1983), any indictment alleging facts in the time period close to the commencement of the limitations period could support an inference that the conspiracy continued into the limitations period. Moreover, as the Sixth Circuit has said in a similar case, "where a conspiracy contemplates a continuity of purpose and a continued performance of acts, it is presumed to exist until there has been an affirmative showing that it has terminated." *United States v. Mayes,* 512 F.2d 637, 642 (6th Cir.1975), *cert. denied* 422 U.S. 1008, 95 S.Ct. 2629, 45 L.Ed.2d 670 (1975). Further, noting that (1) a grand jury has already found probable cause that a conspiracy continued into the statute of limitations period, and (2) discovery procedures in criminal proceedings are substantially limited, the district court should not require the government to launder its evidence in the presence of the defendant prior to trial. The district court should approach with delicacy and circumspection the question of whether to dismiss a case on the ground that, at trial, the proof, as a matter of law, would fail to establish the commission of the charged offense within the limitations period.

Given that (1) the district court's dismissal of the indictment was based solely on a statute of limitations rationale; (2) the pretrial hearing was conducted, and the court's order of dismissal was written, with an erroneous view of the law; (3) the indictment on its face satisfied the statute of limitations; and (4) the grand jury found probable cause to issue the indictment, we conclude that the district court's order must be vacated and the indictment reinstated.

VACATED and REMANDED for further proceedings.

CLARK, Circuit Judge, concurring in part and dissenting in part.

I concur in the reversal of the district court's dismissal of the indictment. I agree with the majority that the indictment on its face satisfies the statute of limitations. I agree with the majority opinion that the RICO statute does not require an overt act and I agree to the correctness of *United States v. Barton,* 647 F.2d 224 (2d Cir.1981) *cert. denied,* 454 U.S. 857, 102 S.Ct. 307, 70 L.Ed.2d 152 (1981).

The reason for my dissent is that, in my opinion, our court is bound by our holding in *United States v. Phillips,* 664 F.2d 971, 1038 (5th Cir. Unit B 1981), *cert. denied sub. nom. Meinster v. United States,* 457 U.S. 1136, 102 S.Ct. 2965, 73 L.Ed.2d 1354 (1982). The majority states that the holding in *Phillips* is dictum. The rule in our circuit requiring that we follow precedent does not make a distinction for holdings which are dictum. *See United States v. Adamson,* 665 F.2d 649, 656 n. 19 (5th Cir. Unit B 1982). The main reason for following dictum is the difficulty in determining what is and is not dictum. I believe that en banc consideration is required before the panel can overrule *Phillips, supra.*