UNITED STATES of America, Plaintiff,

v.

Robert C. COGSWELL and David P. Schwindt, Defendants.

No. CR–85–646 WHO.

United States District Court,
N.D. California.

Nov. 19, 1985.

Joseph Russoniello, U.S. Atty., N.D. California, Martin F. Healey, Asst. U.S. Atty., San Francisco, Cal., for plaintiff.

Richard B. Mazer, David P. Bancroft, Frank Z. Leidman, Sideman & Bancroft, San Francisco, Cal., for defendants.

## OPINION AND ORDER

ORRICK, District Judge.

The Currency and Foreign Transaction Reporting Act requires a domestic financial institution to report to the Secretary of the Treasury any deposit or exchange of cur-

rency or other payment or transfer by or to such financial institution that involves a transaction of more than $10,000.

The government charges defendants, Robert C. Cogswell and David P. Schwindt, with arranging for another person, Donna Rainwater, to buy three cashier's checks, each in the amount of $9,000, at three different banks in Marin County. The government then charges defendants with conspiracy to avoid having the banks make Currency Transaction Reports ("CTRs"), thereby concealing the accurate source, origin, transfer, and existence of the currency.[1]

Defendants have moved to dismiss the indictment under Federal Rule of Criminal Procedure 12(b)(2)[2] on the grounds that there is no duty imposed upon any bank to report transactions under $10,000, and on the further grounds that the defendants are under no duty to disclose to the banks or anyone else the accurate source, origin, transfer, and existence of the currency. For the reasons hereinafter set forth, the Court dismisses the indictment.

I

As noted above, the government charges that on or about June 23, 1982, defendant Schwindt provided Donna Rainwater with approximately $75,335 in United States currency, and that within the next two days she purchased, on behalf of the defendants, three cashier's checks for $9,000 each, at three different banks in Marin County, California. Count One of the indictment alleges that these transactions were part of a trick or scheme whose object was to transfer the $75,335 without the filing of any CTRs. It is further alleged that defendant Cogswell used the checks to purchase a motor home under a false name.

The theory of Count One is that the defendants concealed and caused to be concealed material facts required to be report-ed pursuant to 31 U.S.C. § 5313 (formerly 31 U.S.C. § 1081) and 31 C.F.R. § 103, the Currency Transaction Reporting Act ("Reporting Act") by causing various individuals to exchange currency in amounts less than $10,000 without filing any CTRs, thereby concealing the accurate source, origin, transfer, and existence of the currency.

Title 31 U.S.C. § 5313(a) provides, in pertinent part, that:

When a domestic financial institution is involved in a transaction for the payment, receipt or transfer of United States * * * currency * * * in an amount, denomination or amount and denomination, or under circumstances the Secretary prescribes by regulation, the institution and any other participant in the transaction the Secretary may prescribe shall file a report on the transaction at the time and in the way the Secretary prescribes. A participant acting for another person shall make the report as the agent or bailee * * *.

The regulations promulgated by the Secretary provide that:

Each financial institution shall file a report of each deposit of each * * * exchange of currency or other payment or transfer, by, through or to such financial institution, which involves a transaction in currency of more than $10,000. Such reports shall be made on forms prescribed by the Secretary and all information called for in the forms shall be furnished.

31 C.F.R. § 103.22(a). Thus, even though the statute empowers the Secretary to impose a reporting duty on bank customers, no such regulations have ever been promulgated, and although banks must file reports, they are only required to report transactions *over* $10,000.

The government agrees that the bank customer has no reporting duty under the

---

1. 18 U.S.C. § 1001 (concealment of material facts), 18 U.S.C. § 2 (aiding and abetting), and 18 U.S.C. § 371 (conspiracy).

2. The district court must dismiss an indictment prior to trial if it fails to allege facts that constitute a prosecutable offense. *United States v. Coia,* 719 F.2d 1120 (11th Cir.1983), *reh'g denied,* 724 F.2d 978.

statute and regulations. Nevertheless, it contends that the defendants concealed material facts relating to the banks' reporting duty, by failing to inform the banks of the "structured" nature of their transactions, thereby causing the banks to fail to file the required reports, in violation of 18 U.S.C. §§ 2 and 1001.

The government's position rests on the presumption that "structured transactions" (*i.e.*, a series of transactions, each in an amount under $10,000, but totaling more than $10,000) must be reported under the Reporting Act. Then, given this legal duty to report structured transactions, the defendants can be indicted under 18 U.S.C. § 2 for causing the banks to violate that duty by concealing material facts in violation of 18 U.S.C. § 1001.

Because this Court finds that the Reporting Act does not impose a duty to report transactions in amounts under $10,000, it also finds that the defendants cannot be prosecuted for concealing material facts, because the defendants had no legal duty to disclose any facts.

## II

The Circuits are in disagreement on the issue as to whether structured transactions must be reported under the Bank Secrecy Act. It is a matter of first impression in the Ninth Circuit.

The most recent and comprehensive analysis of the currency transactions regulations at issue in this case is *United States v. Anzalone*, 766 F.2d 676 (1st Cir. 1985), *reh'g en banc denied* 1985. In *Anzalone* the facts are strikingly similar to those in this case. There the defendant was charged with violating 18 U.S.C. §§ 2 and 1001 for his failure to inform the bank of the "structured nature" of his transfers of approximately $100,000 over a twelve-month period, no one transaction exceeding $10,000.[3] Judge Torruella, writing for the court, limited the question on appeal as to whether the defendant had fair warning

that his actions and nondisclosure subjected him to criminal sanctions. The court unanimously held he did not.

The *Anzalone* court began its analysis with the dovetailing propositions that have long been part of our legal tradition. First, criminal laws are to be strictly construed, *United States v. Enmons*, 410 U.S. 396, 93 S.Ct. 1007, 35 L.Ed.2d 379 (1973), and, second, the Constitution mandates fair notice. U.S. Const. amend. V; *Kolender v. Lawson*, 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903 (1983) ("[A] penal statute [must] define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.") Simply stated, fair warning must be given of what the law intends to do if a certain line is passed; to make the warning fair, the line should be clear. And because of the seriousness of criminal penalties, and the concomitant moral opprobrium, where there is ambiguity, criminal statutes are to be resolved in favor of the defendant. *United States v. Bass*, 404 U.S. 336, 348, 92 S.Ct. 515, 522, 30 L.Ed.2d 488 (1971).

With these two propositions in mind, it is clear to this Court, as it was in *Anzalone*, that the Reporting Act does not impose a duty to report structured transactions.

There is nothing on the face of either the Reporting Act or its regulations, or in their legislative history, to support the proposition that a structured transaction by a customer constitutes an illegal evasion of any reporting duty of that customer. *Anzalone*, 766 F.2d at 681. A report to Congress by the Comptroller General of the United States, dated 1981, noted that the regulations "were silent on the propriety of a customer's conducting multiple transactions to avoid reporting." *Id.* The regulation requiring reporting for each single

---

**3.** The defendant was also charged with violating the Currency Transaction Reporting Act, in con-

trast to the present case.

transaction above $10,000 does not specifically prohibit dividing a large transaction into several small ones. And although the Treasury Department implemented revised regulations in 1980 to cure some deficiencies in the regulations, the propriety of multiple transactions was not addressed. *Id.* at 681–82. *See* "Bank Secrecy Reporting Requirements Have Not Yet Met Expectations, Suggesting Need for Amendment," Report to the Congress of the United States by the Comptroller General, Doc. 6GED–81–80 (July 23, 1981).

Congress recently enacted 26 U.S.C. § 6050I, effective January 1, 1985, providing for a reporting requirement for cash transactions that aggregate more than $10,000 in two or more related transactions. These provisions specifically exempt banks, and are made applicable only to a trade or business. It is thus clear that Congress has demonstrated it knows how to effect an aggregation requirement. Because there is no such regulation relating to banks, it would appear that Congress has evinced an intent not to require aggregation of structured transactions for banks or bank customers.

Furthermore, IRS Form 4789, which states on its reverse side that multiple transactions by or for any one person that total more than $10,000 in any one day should be treated as a single transaction, does not provide constitutionally sufficient notice. First, the form is not part of the regulations and, therefore, has no binding effect. *Anzalone,* 766 F.2d at 679 n. 6. The Administrative Procedure Act requires that before any form has the effect of law, it must be published to afford opportunity for comment. *United States v. $200,000,* 590 F.Supp. 866 (S.D.Fla.1984).

This Court is, therefore, required to conclude, as did the First Circuit, that the Reporting Act and its regulations, as they read in 1981 and as they presently read, impose no duty on defendants to inform the banks of the structured nature of the transactions in question. To impose criminal sanctions on the defendants under such circumstances would violate the fair warning requirements of the due process clause of the Fifth Amendment. *Anzalone,* 766 F.2d at 682.

Because there is no legal duty under the Reporting Act, the prosecution under 18 U.S.C. §§ 2 and 1001 must also fail. In prosecuting a concealment of material fact violation, the government must prove that the defendants had a legal duty to disclose the material facts at the time they were alleged to have concealed them. *United States v. Irwin,* 654 F.2d 671, 678–679 (10th Cir.1981), *cert. denied,* 455 U.S. 1016, 102 S.Ct. 1709, 72 L.Ed.2d 133 (1982). Because the defendants here owed no duty to report to the Secretary, either directly or indirectly through the banks, there can be no concealment in violation of 18 U.S.C. § 1001. *See Anzalone,* 766 F.2d at 683, and cases cited therein. Similarly, the 18 U.S.C. § 2 allegations must fail, because the defendants did not aid, abet or cause anyone to commit an offense against the United States. *Id.*

The reasoning of the *Anzalone* court, with which this Court agrees, cannot be reconciled with the view of the Fifth, Tenth, and Eleventh Circuits. These courts, following the so-called "sensible, substance-over-form approach," have held that structured transactions of less than $10,000 do violate the Reporting Act. *See United States v. Puerto,* 730 F.2d 627 (11th Cir.), *cert. denied, Everett v. U.S.,* —— U.S. ——, 105 S.Ct. 162, 83 L.Ed.2d 98 (1984); *United States v. Cook,* 745 F.2d 1311, 1315 (10th Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 1205, 84 L.Ed.2d 347 (1985); *United States v. Tobon-Builes,* 706 F.2d 1092, 1098 (11th Cir.), *reh'g denied,* 716 F.2d 914 (11th Cir.1983); *United States v. Thompson,* 603 F.2d 1200 (5th Cir.1979). Thus, they have no difficulty in finding that the statutes and regulations afford fair notice of the proscribed conduct.

This Court rejects such an interpretation of the Act. If the government wishes to impose a duty to report serial transactions totaling more than $10,000, it should so require in plain language. Meanwhile, this Court wholeheartedly agrees with the First

Circuit that "[b]etween a 'sensible' and a constitutional approach there should be no doubt as to which avenue [to] choose." *Anzalone,* 766 F.2d at 683.

Count One of the indictment is, therefore, dismissed.

### III

Count Two charges two conspiracies under 18 U.S.C. § 371, a conspiracy to conceal material facts, and a conspiracy to defraud the United States.

■ As to the conspiracy to conceal material facts, because the conduct alleged does not constitute a violation of the substantive statute, the alleged agreement to do the act cannot constitute a conspiracy to violate that statute. *Irwin,* 654 F.2d at 679–80.

■ A conspiracy to defraud may be found, however, even though no substantive offense under any statute has been committed. *United States v. Rosenblatt,* 554 F.2d 36, 40–41 (2d Cir.1977); *United States v. Aloi,* 449 F.Supp. 698, 710 (E.D.N.Y.1977). Nevertheless, it is the court's duty to carefully scrutinize indictments under the broad language of the conspiracy statute "because of the possibility, inherent in a criminal conspiracy charge, that its wide net may ensnare the innocent as well as the guilty." *Dennis v. United States,* 384 U.S. 855, 860, 86 S.Ct. 1840, 1843, 16 L.Ed.2d 973 (1966).

■ Conspiracy to defraud the United States means to "interfere with or obstruct one of its lawful governmental functions by deceit, craft or trickery, or at least by means that are dishonest." *Hammerschmidt v. United States,* 265 U.S. 182, 188, 44 S.Ct. 511, 512, 68 L.Ed. 968 (1924). "[D]eceit or trickery [is] essential to satisfy the defrauding requirement of the statute." *Id.* 265 U.S. at 187, 44 S.Ct. at 512. When the government proceeds under the conspiracy-to-defraud clause it must plead and prove an agreement with respect to the essential nature of the alleged fraud. The *fraudulent scheme* must be alleged and proved. *Rosenblatt,* 554 F.2d at 42.

■ Thus, a conspiracy to defraud may be found even though no substantive offense has been committed; however, the indictment must allege the fraudulent scheme in its particulars. *Id.* The essence of the crime is the corrupt agreement to defraud the United States. *Id.* And it is an elementary principle of criminal pleading that where the definition of an offense includes generic terms, it is not sufficient that the indictment shall charge the offense in the same generic terms as the definition: it must descend to particulars. *Id.* at 41.

■ The indictment here in question simply cites the language of the conspiracy statute, then lists as overt acts that one defendant provided Donna Rainwater with $75,335 in cash, and that she purchased three cashier's checks in the amounts of $9,000 at three different banks on two different days. The indictment does not allege that the cashier's checks were obtained by fraud or dishonesty. As discussed above in Section II, there was no violation of the law. The government does not allege an illegal motive or intent to avoid the reporting requirements of the Reporting Act in the conspiracy count.

This case is very like *United States v. Porter,* 591 F.2d 1048 (5th Cir.1979). In *Porter,* two doctors and an operator of a laboratory that performed manual blood analyses were convicted of conspiracy in connection with an arrangement whereby the doctors referred blood analyses to the laboratory, which charged a higher price than the available automated laboratories. The laboratory operator then kicked back a portion of the Medicare fees it received to dummy corporations set up by the doctors. The Fifth Circuit reversed the conspiracy convictions for failure to charge an offense because the doctors were under no duty to choose the cheaper laboratory, there was no falsification of any claim to Medicare, there was no violation of the law by the doctors' receipt of the kickback, and there was likewise no restriction on what the laboratory could do with the money it re-

**300**

ceived from Medicare. *Cf., Puerto*, 730 F.2d at 631–32 (where the defendants agreed to a scheme whereby they would buy cashier's checks under false names, false names would be transmitted on the CTRs, and they took acts in furtherance of the agreement, they violated 18 U.S.C. § 371).

Here, the defendants were under no duty to file CTRs, there was no violation of the law by the structured transaction, and there was no allegation of fraud or deceit. Therefore, Count Two, which charges conspiracy under two theories, must also be dismissed for failure to state an offense. The conspiracy to commit an offense fails because no substantive offense was committed. The conspiracy to defraud fails because it does not allege the particulars of a fraudulent scheme.

The concluding remarks of the panel in *Porter* are also applicable to this case.

> It is not our function to evaluate the [defendants' ethics]. It is not for us to hurl criticism at [the government agency] for failure to promulgate rules and regulations which would have forestalled the occur rences which the government felt, after the fact, it should characterize as criminal offenses. We sit only as Judges of the law.

591 F.2d at 1058.

Accordingly,

IT IS HEREBY ORDERED that the indictment in this action is DISMISSED for failure to state an offense.