UNITED STATES of America,

v.

**Mario TRETO and Barry Wagner.**

No. 94–676–CR–MORENO(01)(02).

United States District Court,
S.D. Florida.

Oct. 12, 1995.

Mary K. Butler, Assistant United States Attorney, Miami, FL, for plaintiff.

Benedict J. Kuehne, Jon Sale, Sale & Kuehne, Miami, FL, for defendants.

### ORDER GRANTING MOTION TO DISMISS INDICTMENT AND ORDER DENYING ANY PENDING MOTIONS AS MOOT

MORENO, District Judge.

THIS CAUSE came before the Court upon Defendants' Motion to Dismiss Indictment for Violation of Statute of Limitations, filed on August 25, 1995

THE COURT has considered the indictment, the motion, the responses, including the attached exhibits, and the oral arguments of counsel on October 11, 1995, and being otherwise fully advised in the premises, it is

ADJUDGED that the motion is GRANTED and the indictment is DISMISSED. Further, it is

ADJUDGED that any pending motions are DENIED as MOOT.

### LEGAL ANALYSIS

Defendants are charged in the indictment with conspiring in violation of 18 U.S.C. § 371 to obtain substantial sums of money from the Medicare program by means of false statements in violation of the False Claims Statute. The five-year limitation period prescribed by the statute of limitations for noncapital offenses, 18 U.S.C. § 3282, applies to violations of the general conspiracy statute embodied in section 371. In a conspiracy prosecution pursuant to section 371, the government is required to allege and prove the commission of at least one overt act in furtherance of the conspiratorial agreement that occurred within the five-year peri-

od. *Roberts v. United States,* 416 F.2d 1216, 1220 (5th Cir.1969).

■ The last overt act alleged in the indictment occurred on December 9, 1989. Yet, the indictment was returned by the grand jury on December 15, 1995. Because the indictment was returned more than five years after the date of the last overt act charged in the indictment, the indictment fails to meet the five-year statute of limitations.

The Court's holding is consistent with *United States v. Davis,* 533 F.2d 921, 928 (5th Cir.1976). In *Davis,* the former Fifth Circuit announced that "for purposes of the statute of limitations, the overt acts alleged in the indictment and proved at trial mark the duration of the conspiracy."[1] *Id.* In an attempt to avoid the bar of the limitation period of section 3282, the government in *Davis* contended that it satisfied the statute of limitations by presenting proof of an unalleged overt act. In support of its position, the government relied upon *United States v. Armone,* 363 F.2d 385 (2d Cir.1966), holding that evidence of an unalleged overt act supports a conviction of conspiracy. The *Davis* panel rejected the government's argument, noting that the *Armone* case did not deal with a statute of limitations question and involved a prosecution for violations of the conspiracy provisions of the federal narcotics laws. The *Davis* court was specially cognizant of the fact that the conspiracy provisions of the federal narcotics laws, unlike the general conspiracy statute, did not require allegation and proof of an overt act in furtherance of the conspiracy. Concluding that the prosecution of the defendants was barred by the statute of limitations, the *Davis* Court reversed the convictions. *See also United States v. Dynalectric Co.,* 859 F.2d 1559, 1564 n. 6 (11th Cir.1988), *cert. denied,* 490 U.S. 1006, 109 S.Ct. 1641, 104 L.Ed.2d 157 (1989) ("If an overt act is necessary, then the indictment must charge and the evidence at trial must show that an overt act in furtherance of the conspiracy was made in the limitation period.").

The Government cites to *United States v. Butler,* 792 F.2d 1528 (11th Cir.1986) for the proposition that it is sufficient that the allegations in the indictment place Defendants on notice that the Government will prove criminal conduct in furtherance of the conspiracy within the limitation period. The Government's reliance on *Butler,* however, is misplaced. The issue in that case was whether the day of the offense is excluded in the computation of the limitation period. Most notably, *Butler,* unlike *Davis* and the instant case, involved a non-overt-act conspiracy charge. Nonetheless, the *Butler* court recognized the validity of the *Davis* decision and went on to declare that the statute of limitations is satisfied in *overt-act* conspiracy cases where the last overt act *alleged* and proved occurs within the limitation period. *Id.* at 1533.

*United States v. Coia,* 719 F.2d 1120 (11th Cir.1983), *cert. denied,* 466 U.S. 973, 104 S.Ct. 2349, 80 L.Ed.2d 822 (1984) likewise is inapposite. The *Coia* court held that the RICO conspiracy statute at issue in that case, unlike the general federal conspiracy statute, did not require an overt act. *Coia* further established the rule that "with respect to conspiracy statutes that do *not* require proof of an overt act, the indictment satisfies the requirement of the statute of limitations if the conspiracy is alleged to have continued into the limitations period." *Id.* at 1124 (emphasis added). In so holding, Chief Circuit Judge Tjoflat, writing for the panel, acknowledged the Supreme Court's pronouncement in *Fiswick v. United States,* 329 U.S. 211, 216, 67 S.Ct. 224, 227, 91 L.Ed. 196 (1946) that a conspiracy requiring an overt act is deemed complete for statute of limitations purposes when the last overt act is completed. *Coia,* 719 F.2d at 1124.

DONE AND ORDERED.

---

1. In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.