[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 22, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-10773
Non-Argument Calendar

_____

D. C. Docket No. 04-20506-CR-CMA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN LOUIS WILLIAMS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 22, 2005)

Before BIRCH, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Appellant John Louis Williams appeals his drug and firearms convictions for

violations of 21 U.S.C. § 846 and 18 U.S.C. §§ 924(c)(1)(A)(i) and 922(g)(1). The issue on appeal is whether Williams's conviction for conspiracy to possess with intent to distribute less than five kilograms of cocaine was supported by sufficient evidence that was not barred by the statute of limitations.

The sufficiency of the evidence to support a jury's guilty verdict is subject to *de novo* review, viewing the evidence in the light most favorable to the government, with all reasonable inferences and credibility choices made in favor of the jury's verdict. *United States v. Clay*, 376 F.3d 1296, 1300 (11th Cir. 2004), *cert. denied*, 125 S. Ct. 1427 (2005). We will "uphold the jury's verdict whenever a reasonable fact finder could conclude that the evidence establishes guilt beyond a reasonable doubt." *Id.* (quotation omitted). "We review the district court's interpretation and application of statute of limitations *de novo*." *United States v. Hunerlach*, 197 F.3d 1059, 1064 (11th Cir. 1999). An appellant preserves a statute of limitations claim through motions for judgment of acquittal and for a new trial. *United States v. Arnold*, 117 F.3d 1308,1310 n.2 (11th Cir. 1997).

In order to convict a defendant of "conspiracy to possess cocaine with intent to distribute, the government must prove beyond a reasonable doubt that (1) an illegal agreement existed; (2) the defendant knew of it; and (3) the defendant, with knowledge, voluntarily joined it." *United States v. McDowell*, 250 F.3d 1354,

2

1365 (11th Cir. 2001). The government may establish a defendant's knowing and voluntary participation in the conspiracy through circumstantial evidence. *United States v. Toler*, 144 F.3d 1423, 1426 (11th Cir. 1998). We distinguish, however, between conspiratorial agreements and mere buyer/seller transactions. *United States v. Mercer*, 165 F.3d 1331, 1335 (11th Cir. 1999). "Where the buyer's purpose is merely to buy and the seller's purpose is merely to sell, and no prior or contemporaneous understanding exists between the two beyond the sales agreement, no conspiracy has been shown." *Id.* (quotation omitted). A conspiracy has been shown, however, where (1) the government can establish a continuing relationship between buyer and seller or a continuing course of conduct, or (2) there are "numerous references to other conspirators and details regarding the conspiratorial agreement." *Id.* References to having people ready to sell or details of the drug delivery have been deemed sufficient to convict. *Id.* at 1336. An inference of an intent to distribute may be drawn from a person's possession of a large quantity of illegal drugs. *United States v. Madera-Madera*, 333 F.3d 1228, 1233 (11th Cir. 2003).

The statute of limitations for a conspiracy charged pursuant to § 846 is five years. 18 U.S.C. § 3282(a) (2003). The requirements of the statute of limitations are satisfied if the government proves that a conspiracy continued into the

3

limitations period. *Arnold*, 117 F.3d at 1313. Furthermore, a conspiracy is presumed to continue so long as its objective has neither been abandoned nor accomplished. *United States v. Coia*, 719 F.2d 1120, 1124-25 (11th Cir. 1983).

Because the record demonstrates that there was testimony indicating a continuing relationship that resulted in the repeated transfer of a large quantity of illegal drugs, and evidence showing that Williams had people in place to sell drugs and was preparing to re-enter the cocaine business, we conclude that the evidence was sufficient to support Williams's conviction for conspiracy to possess with intent to distribute cocaine. Because the conspiracy continued into the limitations period, we conclude that the evidence of the conspiracy was not time-barred by the statute of limitations. Accordingly, for the above stated reasons, we affirm Williams's conviction.

**AFFIRMED.**